## PARKER v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 84, September Term, 1959.]

*Decided March 18, 1960.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Henderson, J., delivered the opinion of the Court.

In this application for leave to appeal from a denial of post conviction relief, it appears that the applicant had been indicted in 1957, jointly with one Louis Edward Cook, on three separate and distinct charges of daytime burglary (Code (1957) Art. 27, sec. 32). Prior to indictment he had been taken before a trial magistrate on December 3, 1957, where he freely admitted his guilt as to two of the charges. At arraignment on December 19, 1957, he pleaded guilty to the first count of each indictment. There is nothing to support his present contention that he did not intend to plead guilty to the first counts. Indeed, he does not say that he did not understand what was stated in the indictments furnished him, or what was read to him, but says he was suffering from the effects of alcoholism at the time of his original arrest. He did not ask the trial court to appoint counsel, and the trial court did not do so. He was a literate man, thirty-two years of age, a qualified electrician with some years of army service.

The trial court sentenced him to two years on each count, to run consecutively. We find nothing in the record to show a denial of constitutional right. The other points raised by the applicant are without merit for the reasons stated by Judge Tucker in the court below.

In a brief filed in this Court, the applicant criticizes the conduct of counsel appointed to represent him below. One complaint is that counsel erroneously advised Judge Tucker that he had pleaded not guilty to a charge of larceny at his arraignment. He says that this action was taken by his co-defendant in connection with another pending charge in which the applicant was not involved. The State's Attorney says that the statement referred to his pleas before the trial magistrate. But even if Judge Tucker was misinformed about this, there was abundant evidence to show that the applicant knew what he was doing in pleading guilty, and that the appointment of counsel was not obligatory under the circumstances.

It appears that after consultation with the prisoner and State's Attorney, and examination of the record, counsel advised the prisoner and the court that he found no valid grounds upon which to challenge the convictions. The applicant also complains of this. We think, however, that counsel is to be commended for his frankness. Counsel are appointed, at State expense, to afford prisoners the benefit of professional advice, in order to insure that substantial errors, remediable under post conviction procedure, are brought to the courts' attention, not to lend professional countenance to frivolous or fanciful claims.

*Application denied.*